**Rule 230.2.  Termination of Inactive Cases**

(a)     **At least once a year, [T]t**he court **[may] shall** initiate proceedings to terminate **[a]** case**s** in which there has been no activity of record for two years or more **[by serving a notice of proposed dismissal of court case], and shall report such information to the Court Administrator of Pennsylvania on a form supplied by the Administrative Office of Pennsylvania Courts or in such format as requested from time to time by the Administrative Office of Pennsylvania Courts**.

> Note: This rule provides an administrative method for the termination of inactive cases.

(b)(1)  **For each case identified pursuant to subdivision (a), [T]t**he court shall serve **[the] a** notice **of proposed termination** on counsel of record, and on the parties if not represented, **[sixty] thirty** days prior to the date of the proposed termination. The notice shall contain the date of the proposed termination and the procedure to avoid termination.

(2)     The notice shall be served **electronically pursuant to Rule 205.4(g)(1), or [by mail]** pursuant to Rule 440 **on counsel of record and on the parties, if not represented, at the last address of record**. **[If the mailed notice is returned, the notice shall be served by advertising it in the legal publication, if any, designated by the court for the publication of legal notices or in one newspaper of general circulation within the county.]**

> Note: If the notice mailed to an attorney is returned by the postal service, the prothonotary should check **[a legal directory or contact the Administrative Office of Pennsylvania Courts] the website of the Disciplinary Board of the Supreme Court of Pennsylvania, www.padisciplinaryboard.org,** for a current address. **[Otherwise, publication in the legal newspaper or a newspaper of general circulation within the county is required under this rule if the mailed notice is returned.]**

See subdivision **[(e)] (f)** for the form of notice.

(c)     If no statement of intention to proceed has been filed **on or before the date of the proposed termination**, the prothonotary shall enter an order as of course terminating the matter **[with prejudice]** for failure to prosecute.

> Note: The prothonotary may not enter an order terminating the action until more than **[sixty] thirty** days after service of the notice of proposed termination.
>
> A court officer may certify to the prothonotary those matters which have been inactive and in which no statement of intention to proceed has been filed.

(d)(1) If an action has been terminated pursuant to this rule, an aggrieved party may petition the court to reinstate the action.

(2)     If the petition is filed within **[thirty] sixty** days after the entry of the order of termination on the docket, the court shall grant the petition and reinstate the action.

> Note: The provision under subdivision (d)(2) for filing a petition within **[thirty] sixty** days is not intended to set a standard for timeliness in proceedings outside this rule.

(3)     If the petition is filed more than **[thirty] sixty** days after the entry of the order of termination on the docket, the court shall grant the petition and reinstate the action upon a showing that

(i)     the petition was timely filed following the entry of the order for termination and

(ii)     there is a reasonable explanation or a legitimate excuse for the failure to file both

(A)     the statement of intention to proceed prior to the entry of the order of termination on the docket and,

(B)     the petition to reinstate the action within **[thirty] sixty** days after the entry of the order of termination on the docket.

2

Note: The provision under subdivision (d)(2) for filing a petition within **[thirty]** <u>sixty</u> days of the entry of the order of termination on the docket is not a standard of timeliness. Rather, the filing of the petition during that time period eliminates the need to make the showing otherwise required by subdivision (d)(3).

**(e)     Any case which is reinstated pursuant to subdivision (d) shall be subject to termination with prejudice upon a subsequent termination pursuant to subdivision (a).  No subsequent reinstatements shall be granted.**

**[(e)] <u>(f)</u>**     The notice required by subdivision (b) shall be in the following form:

**(Caption)**

**NOTICE OF PROPOSED TERMINATION OF COURT CASE**

The court intends to terminate this case without further notice because the docket shows no activity in the case for at least two years.

You may stop the court from terminating the case by filing a **[S]s**tatement of **[I]i**ntention to **[P]p**roceed. The **[S]s**tatement of **[I]i**ntention to **[P]p**roceed should be filed with the Prothonotary of the Court at _____
                                                                Address
on or before _____.
                        Date

IF YOU FAIL TO FILE THE REQUIRED STATEMENT OF INTENTION TO PROCEED, THE CASE WILL BE TERMINATED **BY THE PROTHONOTARY WITHOUT FURTHER NOTICE**.

BY THE COURT**[;]<u>:</u>**

_____          _____
Date of this Notice                Officer

3

**[(f)] (g)** The **[S]s**tatement of **[I]i**ntention to **[P]p**roceed shall be in the following form:

**(Caption)**

**Statement of Intention to Proceed**

To the Court:

_____ intends to proceed with the above captioned matter.

Date: _____

_____
Attorney for _____

**(h)** **Upon receipt of a statement of intention to proceed, the court may schedule a status conference and establish appropriate timelines to ensure a timely and efficient disposition of the case.**